UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PATRICIA PITTENGER,

        Plaintiff,                      CIVIL ACTION NO. 05 CV 40114 FL

       v.                                DISTRICT JUDGE PAUL V. GADOLA

COMMISSIONER OF                 MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**

        This is an action for judicial review of the defendant's decision denying plaintiff's application for social security benefits as a divorced spouse. It appears that the sole issue in this case is whether substantial evidence supports the agency's determination that plaintiff is not entitled to benefits as the divorced spouse of her ex-husband Rodney A. Pittenger. Both sides have now filed Motions for Summary Judgment. For the reasons discussed in this Report, it is recommended that the defendant's motion be granted, that of the plaintiff denied and the decision denying benefits be affirmed.[1]

---

[1] It appears that plaintiff brings this action only to determine the issue of entitlement to social security benefits. This is not an appeal from any merit system protection board determination of her government pension. While she references these more general issues related to the formulation of her pension as a government employee, these are beyond the scope of this action and will not be discussed.

Plaintiff, an employee of the Social Security Administration in Flint, MI since 1982, retired sometime in late 1999 or early 2000. Although she was originally a participant in the Civil Service Retirement System (CSRS) where she did not pay into social security and would not be eligible to collect for her own Social Security benefits, she switched into the Federal Employee Retirement System (FERS) in 1987.[2] Social security is a component of FERS. At the time of electing FERS, plaintiff began paying into social security. According to the allegations, she did so in reliance upon representations that she would be able to collect social security benefits based on both her account and that of her ex-husband. Plaintiff submits that at the time she made the election to participate in FERS, she was advised by her supervisor and government representatives in Washington, that she could collect on both accounts. However, at the time she presented her applications shortly before she retired, she was advised that she could only collect on one account and it would be the greater of the spousal benefit (50% of his benefits) or her own account. Plaintiff is currently receiving old age benefits based on her own Social Security

---

[2]As explained in Yeargan v. Office of Personnel Management (OPM), 1 F.3d 1252, 1993 WL 192524 (Fed. Cir.), Congress enacted the Federal Employees Retirement System (FERS) Act of 1986 (FERSA, 5 U.S.C. 8401-8479) on June 6, 1986. FERS was created as an alternative to the retirement benefits program existed under CSRS. Section 301(a) of FERSA provided that federal employees subject to CSRS as of June 30, 1987 could elect to transfer from CSRS to FERS but only if that election were made during the six month "open season." A major factor considered by many federal employees in deciding whether to transfer from CSRS to FERS was the applicability of the Public Pension Offset (PPO) provision of the Social Security Act. See, Moriarity v. OPM, 47 MSPR 280, 282 (1991) aff'd. No. 91-3258 (Fed. Cir. unpublished). The ultimate legislative compromise between the House and Senate on the PPO issue resulted in passage of Omnibus Budget Reconciliation Act of 1987, passed December 22, 1987, nine days before the end of open season, which provided for the exemption from the PPO only for employees who converted from CSRS to FERS before January 1, 1988. As noted by the government in its brief, the agency did not offset any of plaintiff's social security benefits and the offset is not an issue in this case.

record.  She began receiving these in January, 2000, shortly after her October, 1999 application for divorced spouse's benefits on the account of her ex-husband.  After exhausting her administrative remedies, she now seeks judicial review of the denial of the application for benefits as a divorced spouse.

After the initial denial of her application for divorced spouse's benefits, a hearing was set before the ALJ.  At that hearing, the matter was remanded for further administrative proceedings because the Agency had not yet issued the prerequisite for ALJ review, that is, a "reconsidered determination."  See, 20 C.F.R. § 404.930, Tr. 25-29.  On January 7, 2003, the agency issued a Reconsideration Determination, again finding that plaintiff was not entitled to benefits as a divorced spouse of her ex-husband because she did not meet the applicable criteria.  See, 42 U.S.C. § 402(b)(1), 20 C.F.R. §404.331.  This determination was upheld by the ALJ, and after the Appeals Council denied review, the ALJ's decision became the Commissioner's final decision for purposes of judicial review.

The issue before the court is whether to affirm the Commissioner's determination.  In Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989), the court held that:

> Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion.  42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971).  Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L. Ed. 2d 126 (1938).  The scope of our review is limited to an examination of the record only.  We do not

> review the evidence *de novo*, make credibility determinations nor weigh the evidence. Reynolds v. Secretary of Health and Human Services, 707 F.2d 927 (5th Cir. 1983).

Brainard, 889 F.2d at 681.

To establish a compensable disability under the Social Security Act, a claimant must demonstrate that he is unable to engage in any substantial gainful activity because he has a medically determinable physical or mental impairment that can be expected to result in death or has lasted, or can be expected to last, for at least 12 continuous months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). If a claimant establishes that he cannot perform his past relevant work, the burden is on the Commissioner to establish that the claimant is not disabled by showing that the claimant has transferable skills which enable him to perform other work in the national economy. Preslar v. Secretary of HHS, 14 F.3d 1107 (6th Cir. 1994); Kirk v. Secretary of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

**1. Computation of Benefits Due**

The standard for entitlement to benefits as a divorced spouse is clear. In order to collect benefits as a divorced spouse of a wage earner, a claimant must meet particular criteria. These are set forth in § 202(b)(1) of the Social Security Act, 42 U.S.C. § 402(b)(1) and in the Commissioner's regulations at 20 C.F.R. § 404.331, 333. These provide for the payment of insurance benefits to a divorced spouse of a worker entitled to retirement benefits if the following criteria are satisfied: (1) the spouse and the retired worker were married for at least ten years immediately prior to their divorce; (2) the spouse applied for benefits; (3) the spouse is not currently married; (4) the spouse has attained age 62; and (5) the spouse has been divorced from

the retired insured worker for at least two years. There is no dispute that plaintiff meets all these requirements.

Where plaintiff herself has an account, however, an additional condition set forth in 20 C.F.R. § 404.331(e) complicates matters. The regulation provides that a person is not eligible for benefits on an ex-spouse's record if the person is entitled to an old-age benefit based upon their own primary insurance amount which is equal to or larger than the full spouse's benefit. The full spouse's benefit is equal to one-half of the insured's primary insurance amount. 20 C.F.R. § 404.333. This reflects a policy goal of providing spouse's benefits to those who are either uninsured (did not work) or whose primary insurance amount is extremely low (worked very little). Here, the agency conducted a comparison of plaintiff's "primary insurance amount" and Mr. Pittenger's "primary insurance amount." See 20 C.F.R. § 404 Subpart C (Computing Primary Insurance Amounts). Plaintiff's primary insurance amounts ranged from $719.20 in January 2000 to $795.00 in December, 2002. (Tr. 42, 252) Mr. Pittenger's primary insurance amounts for the same period were $1265.40 to $1363.70. (Tr. 43) Thus, half those amounts are $632.70 and $681.85. Since these amounts are less than plaintiff's primary insurance amounts, it is clear from the arithmetic that the ALJ correctly concluded that plaintiff was not entitled to payment of benefits as a divorced spouse. (Tr. 17-19)

**2. Estoppel**

Plaintiff argues that the doctrine of promissory or equitable estoppel should be used to permit plaintiff to collect both her own benefits and those spousal benefits based on her ex-husband's earnings records. Plaintiff argues that defendant is promissorily estopped from

relying upon relevant provisions of the amended social security act to bar her collecting benefits from both accounts. The government does not address this claim, and argues that it is moot because the Agency did not apply the Government Pension Offset (GPO) to her benefits. (See footnote 2 above) Courts looking at promissory estoppel have held that "In order for a promise to be enforceable under the concept of promissory estoppel, there must be a (1) promise that the promissor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, (2) which in fact produced reliance or forbearance of that nature, (3) in circumstances that the promise must be enforced if injustice is to be avoided." In re: Timko Estate, 51 Mich. App. 662 (1974). It does appear that this is a non-issue because plaintiff's FERS pension was not offset by the amount of her social security benefits, and in any event, is not cognizable in a social security benefits review.

   It is also settled law that estoppel would not bar the government's action here. In Office of Personnel Management v. Richmond, 496 U.S. 414, 415-416 (1990), the Supreme Court held that erroneous oral and written advice given by a government employee to a benefits claimant may not provide the basis for an estoppel against the government and so entitle the claimant to a monetary payment, since payments from the public fisc are properly limited to only those authorized by statute. Under the law, plaintiff is entitled to the social security benefits on her own account, and not those on her ex-spouse. Thus, any remarks, opinions, or representations by government agents cannot serve to provide a benefit where otherwise none is due. While the court may be sympathetic to her situation, it cannot order relief which is legally unavailable.

Accordingly, it is recommended that the government's motion for summary judgment be granted, that of the plaintiff denied, and the decision denying spousal benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

  s/Virginia M. Morgan  
VIRGINIA M. MORGAN  
UNITED STATES MAGISTRATE JUDGE

Dated:  January 24, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA PITTENGER,

        Plaintiff,                    CIVIL ACTION NO. 05 CV 40114 FL

    v.                             DISTRICT JUDGE PAUL V. GADOLA

COMMISSIONER OF              MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record and the Social Security Administration via the Court's ECF System and/or U. S. Mail on January 24, 2006.

                                         s/Jennifer Hernandez
                                         Case Manager to
                                         Magistrate Judge Virginia M. Morgan